UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JAMES BLEDSOE**, *et al.*, on behalf of themselves and all others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>**FCA US LLC**, a Delaware corporation, and **CUMMINS INC.**, an Indiana corporation,<br><br>                  Defendants. | 4:16-CV-14024-TGB-RSW<br><br>**ORDER APPOINTING SPECIAL MASTER** |

At a status conference on July 6, 2022, the Court notified the parties that it intended to appoint a Special Master in this case, pursuant to Fed. R. Civ. P. 53. On July 11, 2022, the Court gave the parties written notice of its intent to appoint Todd R. Mendel as the Special Master, pursuant to Fed. R. Civ. P. 53(b)(1). (ECF NO. 249, PageID.34865-4866). The parties' objections to or alternative suggestions for a Special Master were due on July 18, 2022. (*Id.* at PageID.34866). Defendants timely filed an objection to the appointment of a Special Master. (ECF NO. 254). The basis of the objection is that defendants believe that the appointment of

a Special Master is unnecessary at this stage in the litigation. Defendants' objection is overruled.

As an initial matter, this case has been pending for almost six years. It is highly complex, as defendants themselves acknowledge in their objection (ECF NO. 254, PageID.34959). The docket contains more than 250 entries already. Extensive summary judgment and *Daubert* motions are pending. Depending on the outcome of the summary judgment motions, class certification briefing and further pretrial activities may also be on the horizon.

Defendants offer their speculation that the pending summary judgment motions may lead to a quick conclusion for the case. If not, defendants suggest that the *Daubert* motions and class certification rulings will be better handled by the Court without a Special Master, because the Court has a history with the case and is in the best position to rule on such motions.

While the disposition of these motions is far from clear at this point, their complexity is evident and substantial. The Court would be best served by appointing a Special Master now to assist with those motions, at the Court's direction. Based on the Court's familiarity with the case

and counsel, the Court concludes that a Special Master will be helpful if the case moves forward, particularly in assisting with matters relating to a final pretrial order, preparation for trial, and even mediation or settlement. It is the Court's judgment that for this case to be effectively and timely addressed, a Special Master needs to be appointed at this time under Fed. R. Civ. P. 53(a)(1)(C).

Defendants' objection indicates that they believe the Court will not rule on the various motions, and that the Special Master will rule on them instead. That is incorrect. The Court will be deciding and ruling upon the motions. The Court will decide the role of the Special Master with respect to the motions and other matters in the case, and the Court will determine how best to direct the Special Master to assist the Court. The Court is not ceding its authority or decision-making to the Special Master.

With respect to any mediation and settlement-related roles in which the Special Master may become involved, defendants' objection states that the parties can jointly select their own mediator by agreement if mediation becomes necessary, as they have in a separate case. Whether the parties ultimately choose their own mediator or not, it will

be helpful to the Court to have a Special Master available to conduct mediation and settlement efforts as may be needed.

Defendants believe that there will be little need for the Special Master to address discovery issues as the parties have generally worked cooperatively on discovery over the six-year history of the litigation. The Special Master will be authorized to address discovery matters as needed. If there are discovery matters to be addressed, the Special Master will be in a position to do so. If there are not, appointing a Special Master does not prejudice or harm any party.

In contrast to defendants, plaintiffs do not object to the appointment of a Special Master. Plaintiffs defer to the Court's discretion on the appointment and scope of the Special Master's assignment, including assisting the Court on motions, mediation, and settlement. (ECF No. 254-1).

While defendants objected to the appointment of a Special Master, they did not object to Todd R. Mendel being appointed if the Court appoints a Special Master. Nor did plaintiffs make any such objection. Nor did any party propose any alternative individuals to be appointed as

the Special Master. Having reviewed defendants' objection, it is overruled for the above reasons.

## Appointment of Special Master

Pursuant to Fed. R. Civ. P. 53, the Court hereby appoints Todd R. Mendel as the Special Master with authority over the areas set forth below. The Special Master's contact information is:

> Todd R. Mendel
> Phone (313) 596-9323
> tmendel@bsdd.com

<u>Basis for Appointment</u>

The Special Master is hereby appointed pursuant to Fed. R. Civ. P. 53(a)(1)(C) to address pretrial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district.

<u>No Grounds for Disqualification</u>

Pursuant to Fed. R. Civ. P. 53(a)(2) and 53(b)(3), the Special Master has submitted the attached declaration to the Court stating that he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455. During the course of these proceedings, the Special Master and the parties will notify the

Court immediately if they become aware of any potential grounds that would require disqualification.

### Fairness Considerations

Pursuant to Fed. R. Civ. P. 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the parties. The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost-savings to all parties. The Court will protect against unreasonable expenses and delay through regular communication with the Special Master and the parties' counsel.

### Proper Notice Given to All Parties

Pursuant to Fed. R. Civ. P. 53(b)(1) and the Court's July 11, 2022 order, the Court gave all parties to these proceedings notice of its intent to appoint the Special Master and an opportunity to be heard with respect to such an appointment before issuing this order. As explained above, the Court has reviewed the only submission made by the parties—the defendants' objection—which has been overruled. The Court is accordingly appointing the Special Master.

6

**Special Master's Duties, Authority, and Compensation**

<u>Diligence</u>

Pursuant to Fed. R. Civ. P. 53(b)(2), the Court directs the Special Master to proceed with all reasonable diligence in performing his duties in these proceedings.

<u>Scope of Duties</u>

Pursuant to Fed. R. Civ. P. 53(b)(2)(A), the Special Master will at the Court's direction:

1. Assist the Court and the parties with case management issues, including communicating with the parties and/or the Court to foster efficient case management and administration.

2. Assist the Court with all substantive and procedural aspects of motions and submissions filed by the parties, as determined by the Court so that the Court can effectively and timely address them.

3. Assist and advise the Court regarding any pretrial matters and motions, as determined by the Court so that the Court can effectively and timely address them.

4. Assist the Court and the parties with discovery matters, as needed and designated by the Court.

7

5. Issue reports and recommendations on any pretrial matters, as may be determined and requested by the Court. While the Special Master will have the authority to issue reports and recommendations, he will only be required to do so upon the Court's specific request for a formal report and recommendation. Otherwise, the Special Master will assist the Court informally as determined by the Court.

6. Communicate with the Court and/or the parties' attorneys as necessary in order to permit the full and efficient performance of the Special Master's duties.

7. Conduct mediation and settlement efforts, as needed.

8. Conduct other duties as may be specified in subsequent orders.

The Special Master will have the authority to set the date, time and place for all hearings, to preside over hearings, to take evidence, to conduct telephonic conferences to resolve disputes arising during depositions, and to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Fed. R. Civ. P. 37 and 45. The Special Master is authorized to receive and consider information designated as confidential pursuant to any

protective order entered in this matter, and may review privileged materials *in camera* and sealed materials. The Special Master has agreed to be bound by any protective orders entered in this case. The Special Master is authorized to retain independent auditors, accountants, attorneys, and clerical assistants or other necessary personnel to assist him with any of the above duties.

### Scope of Authority

The Special Master will have the authority provided in Fed. R. Civ. P. 53(c).

### Procedure for Motions Submitted to the Special Master

The procedural requirements contained in this Court's pretrial orders will govern any motion practice before the Special Master unless he orders otherwise.

### Ex Parte Communications

Pursuant to Fed. R. Civ. P. 53(b)(2)(B), the Special Master may communicate *ex parte* with the Court at any time. Generally, the Special Master will not communicate *ex parte* with any party without first providing notice to, and receiving consent from that party's counsel. However, in order to facilitate the fair and effective performance of his

9

duties as outlined in this order and as assigned by the Court, the Special Master may communicate *ex parte* with counsel for the parties.

### Preservation of Materials and Preparation of Record

Pursuant to Fed. R. Civ. P. 53(b)(2)(C), the Special Master will maintain files consisting of all documents submitted to him by the parties and of any of his formal written orders, findings, and/or recommendations. Pursuant to Fed. R. Civ. P. 53(d) and (e), the Special Master will file any formal written orders, findings, recommendations and reports with the Court via the Court's Electronic Case Filing ("ECF") system. Such filing will fulfill the Special Master's duty to serve his orders on the parties.

### Compensation

Pursuant to Fed. R. Civ. P. 53(f), the Special Master will be compensated at an hourly rate of $475 for his services as Special Master, and will be reimbursed for any out-of-pocket expenses (e.g., costs of accountants, auditors, and clerical or other necessary personnel). The Special Master may also utilize and charge for services of attorneys and paralegals in his law firm at lower hourly rates than his to assist him with any of the Special Master's duties. The Special Master may be

10

reimbursed for travel expenses, but will not charge for travel time. The Special Master will prepare a monthly invoice for his services, expenses, and costs, which he will provide to counsel for the plaintiffs and counsel for defendants.

Counsel for plaintiffs will promptly and timely pay one-half of all hourly rates, expenses, and costs of the Special Master. Defense counsel will also promptly and timely pay one-half of all hourly rates, expenses, and costs of the Special Master to be divided between the two defendants equally. Payments shall be made by plaintiffs' counsel and defendants' counsel directly to the Special Master and not to the Court. Any disputes regarding compensation, costs and expenses of the Special Master, or the allocation of payment of such fees and costs among the parties, will be brought to the Court's attention.

<u>Reports to Court</u>

Pursuant to Fed. R. Civ. P. 53(e), the Special Master will, if requested by the Court, issue formal orders on motions presented to him which will be final and not require the Court's signature, subject to the parties' right to file objections as described below. Further, if the Court requests, the Special Master will prepare formal reports and issue formal

recommendations to the Court on the subjects covered by this appointment. If the Special Master considers it advisable to make any other report to the Court, he will do so in accordance with Fed. R. Civ. P. 53(e) and (f).

**Action on Special Master's Orders, Reports, or Recommendations**

<u>Scope of Section</u>

Pursuant to Fed. R. Civ. P. 53(f), the procedures described below will govern any action on the Special Master's formal orders, reports and/or recommendations.

<u>Time Limits for Review</u>

Any party wishing to file objections to or a motion to adopt or modify the Special Master's formal orders, reports, and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed such order, report, and/or recommendation via ECF. Any order issued by the Special Master will remain in effect pending any such objection or motion. Any opposition will be filed within 7 days after the objection or the motion is filed.

Filing the Record for Review

In responding to any report and recommendation that the Special Master may be authorized to enter, an objection or motion shall be filed together with any supporting materials necessary to permit the Court to review the Special Master's formal order, report, and/or recommendation. Such materials will include any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's formal order, report, and/or recommendation. Failure to provide the record will constitute grounds for the Court to overrule the objection or deny the motion.

Standard for the Court's Review

Pursuant to Fed. R. Civ. P. 53(f)(3)-(5), the Court will review findings of fact made or recommended by the Special Master *de novo*. The Court will review *de novo* any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

Court's Actions on Special Master's Orders

Pursuant to Fed. R. Civ. P. 53(f)(1), in acting on a formal order, report or recommendation of the Special Master, the Court will afford the

13

parties an opportunity to present their positions and, in its discretion, may receive evidence, and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit the matter to the Special Master with instructions, or make any further orders the Court deems appropriate.

**IT IS SO ORDERED.**

Dated: August 2, 2022     s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 2, 2022.

                          s/A. Chubb
                          Case Manager